**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227153)
bob@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiffs,*
Behrouz A. Ranekouhi; Fereshte Ranekouhi; and Goli A. Ranekouhi

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BEHROUZ A. RANEKOUHI, FERESHTE RANEKOUHI, AND GOLI A. RANEKOUHI INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITAUTED,** | **Case No.:** |
| Plaintiffs, | **CLASS ACTION COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** |
| v. | **I.   THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692 ET SEQ.; AND,** |
| **S.B.S. TRUST DEED NETWORK, dba S.B.S. LIEN SERVICES,** | **II.   THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788 ET SEQ.** |
| Defendant. | **JURY TRIAL DEMANDED** |

///

*(sidebar)* KAZEROUNI LAW GROUP, APC
Costa Mesa, CA

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. BEHROUZ A. RANEKOUHI (hereinafter "BEHROUZ "" or collectively as "Plaintiffs"); FERESHTE RANEKOUHI (hereinafter "FERESHTE" or collectively as "Plaintiffs"); and, GOLI A. RANEKOUHI (hereinafter "Goli" or collectively as "Plaintiffs") by Plaintiffs' attorneys, brings this action to challenge the actions of S.B.S TRUST DEED NETWORK dba S.B.S. LIEN SERVICES  (hereinafter "S.B.S." or "Defendants") with regard to attempts by Defendant, debt collectors, to unlawfully and abusively collect a debt

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

KAZEROUNI LAW GROUP, APC
Costa Mesa, CA

1    allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damages.

2    4.   Plaintiffs make these allegations on information and belief, with the exception
3         of those allegations that pertain to Plaintiffs, or to a Plaintiffs' counsel, which
4         Plaintiffs allege on personal knowledge.

5    5.   While many violations are described below with specificity, this Complaint
6         alleges violations of the statute cited in its entirety.

7    6.   Unless otherwise stated, all the conduct engaged in by Defendant took place
8         in California.

9    7.   Any violations by Defendant were knowing, willful, and intentional, and
10        Defendant did not maintain procedures reasonably adapted to avoid any such
11        violation.

12   8.   Unless otherwise indicated, the use of Defendant's name in this Complaint
13        includes all agents, employees, officers, members, directors, heirs, successors,
14        assigns, principals, trustees, sureties, subrogees, representatives, and insurers
15        of Defendant's named.

16                        **JURISDICTION AND VENUE**

17   9.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. §
18        1692(k); and, 28 U.S.C. § 1367 for supplemental state claims.

19   10.  This action arises out of Defendant's violations of (i) the Fair Debt Collection
20        Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA"); and, (ii) the Rosenthal
21        Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788-1788.32
22        ("RFDCPA").

23   11.  Because Defendant conducts business within the State of California, personal
24        jurisdiction is established.

25   12.  Venue is proper in the United States District Court, Central District of
26        California pursuant to 28 U.S.C. § 1391 for the following reasons: (i)
27        Plaintiffs reside in the County of Orange, State of California which is within
28        this judicial district; (ii) the conduct complained of herein occurred within this

KAZEROUNI LAW GROUP, APC
Costa Mesa, CA

KAZEROUNI LAW GROUP, APC
Costa Mesa, CA

judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

13. Plaintiffs are natural persons who reside in the State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiffs. In addition, Plaintiffs are "consumers" as that term is defined by 15 U.S.C. § 1692a(3), and are "debtors" as that term is defined by California Civil Code § 1788.2(h).

14. Plaintiffs are informed and believe, and thereon allege, that Defendant is a debt collection company, incorporated in the State of California, and registered in the State of California, with an Agent for Service of Process located in the City of Westlake Village, State of California.

15. Plaintiffs are informed and believe, and thereon allege, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

## FACTUAL ALLEGATIONS

17. At all times relevant, Plaintiffs are individuals residing in the County of Orange, within the State of California.

18. Plaintiffs are informed and believe, and thereon allege, that at all times relevant, Defendant conducted business in the State of California.

19. Sometime before October 13, 2014, Plaintiffs allegedly incurred financial

obligations to the Westlake Villas Community Association, that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f) and 15 U.S.C. § 1692a(6).

20. Sometime thereafter, Plaintiffs allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiffs currently take no position as to whether or not this alleged debt was actually owed.

21. Afterwards, the alleged debt was allegedly assigned, placed, or otherwise transferred, to Defendant for collection.

22. On October 13, 2014, Defendant sent Plaintiffs a letter (hereinafter the "initial written communication"), labeled as a "decision to foreclose" notice regarding an alleged debt with Westlake Villas Community Association, in the amount of $6,347.80 (as of the date of the initial written communication) for alleged past due homeowner's association assessments.

23. The Defendant's October 13, 2014 letter was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and a "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

24. This initial written communication stated, "Your failure to pay your homeowner's association has resulted in a lien being recorded against your property. The Association has, by majority vote, made the decision to foreclose on the property…"

25. This initial written communication also stated that if Plaintiffs did not pay the alleged debt, Plaintiffs could lose their property, and that this would result in additional foreclosure fees and costs, "which could total approximately $1500 in additional damages."

26. Defendant's initial written communication had attached a "debt validation

notice." This stated that, "You may send us a written request for the name and address of the original creditor, if different from the current creditor, and we will obtain and mail the information within thirty (30) days after we receive your written request."

27. Thus, through this conduct, Defendant violated 15 U.S.C §1692g(a)(5), by failing to notify the consumer that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

28. Defendant's initial written communication also stated:

   "As of 10/9/2014 the total delinquency owed was $6,347.80, because of interest, late charges, and other charges that may vary from day to day this amount will increase until the delinquency has been fully paid. Before forwarding payment please contact the above at the address or phone number listed in order to receive the current amount owed."

   "As of 10/9/14, the amount required to pay the entire debt in full was the unpaid lien amount of $6,347.80, plus interest from, late charges, negative escrow and attorney and/or trustee's fees and costs that may have been incurred. The amount will increase daily until the debt has been paid in full.  For further information please write to the above listed address or call (818) 991-4600.

29. Defendant's initial written communication further states:

   "You may dispute the validity of this debt, or any portion thereof, by contacting our office within thirty (30) days after receiving this notice. In that event, we will obtain and mail to you written verification of the debt. Otherwise, we will assume that the debt is valid."

KAZEROUNI LAW GROUP, APC
Costa Mesa, CA

KAZEROUNI LAW GROUP, APC
Costa Mesa, CA

30. Thus, through this conduct, Defendant violated 15 U.S.C §1692g(a)(3), because said language would make the least sophisticated consumer uncertain as to the dispute rights and obligations afforded by the FDCPA.

31. Defendant's initial written communication violated 15 U.S.C. § 1692g(a)(4), by failing to comply with the requirements of 15 U.S.C. § 1692g(a)(4) when Defendant omitted the statements as required by 15 U.S.C. § 1692g(a)(4) in its entirety.

32. Through all of the conduct as alleged above, Defendant has violated 15 U.S.C. § 1692g in its entirety.

33. The purpose of 15 U.S.C. § 1692g is to ensure that consumers are made aware of their rights with respect to debt collection activities.[2]  Defendant's statement is likely to mislead consumers since said statement places an unnecessary and inappropriate burden on the consumer to contradict the validity of the alleged debt.

34. Defendant's initial written communication failed to contain a "Notice" as required by Cal. Civ. Code § 1812.700 and as such, Defendant has violated Cal. Civ. Code § 1812.700.  Pursuant to Cal. Civ. Code § 1812.702, any violation of § 1812.700 shall be considered a violation of the Rosenthal Fair Debt Collection Practices Act, and thus, Defendnat has also violated Cal. Civ. Code § 1788 et seq.

///
///
///
///
///
///

_____
[2] *Higgins v. Capital Credit Services, Inc.*, 762 F. Supp. 1128, 1134 (1991).

## CLASS ALLEGATIONS

35. Plaintiffs bring this class action on behalf of themselves, and on behalf of all others similarly situated.

36. Plaintiffs define the "Class" as:

> (i) all persons with addresses within the State of California; (ii) who were sent an initial written communication substantially similar or identical to Defendant's (iii) to recover a consumer debt; (iv) which was not returned undelivered by the United States Postal Service; (vii) within one year prior to the filing of the Complaint in this action.

37. Defendant and its employees or agents are excluded from the Class.

38. Plaintiffs do not know the exact number of persons in the Class, but believe them to be in the several hundreds, making joinder of all these actions impracticable.

39. The identities of individual members are ascertainable through Defendant's and/or Defendant's agents' records or by public notice.

40. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class.  The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

    a.  Whether Defendant violated the FDCPA as described herein;

    b.  Whether Defendant violated the RFDCPA as described herein;

    c.  Whether members of the Class are entitled to the remedies under the FDCPA;

    d.  Whether members of the Class are entitled to the remedies under the RFDCPA;

    e.  Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDPCA;

KAZEROUNI LAW GROUP, APC
Costa Mesa, CA

KAZEROUNI LAW GROUP, APC
Costa Mesa, CA

f. Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the RFDPCA;

41. Plaintiffs will fairly and adequately protect the interests of the Class.

42. Plaintiffs have retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

43. Plaintiffs' claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.

44. A class action is a superior method for the fair and efficient adjudication of this controversy.

45. Class-wide damages are essential to induce Defendant to comply with the federal and state laws alleged in the Complaint.

46. The interests of class members in individually controlling the prosecution of separate claims against Defendant is small because the combined maximum statutory damages in an individual action under the FDCPA and the RFDCPA are $2,000, combined.   Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

47. Defendant has acted on grounds generally applicable to the classes, thereby making appropriate final declaratory relief with respect to the class as a whole.

48. Plaintiffs contemplate providing notice to the putative class members by direct mail in the form of a postcard-type notice and via Internet website.

49. Plaintiffs request certification of a hybrid class for monetary damages and injunctive relief.

///

///

///

///

///

**FIRST CAUSE OF ACTION FOR VIOLATIONS OF**

**THE FAIR DEBT COLLECTION PRACTICES ACT**

**("FDCPA") 15 U.S.C. § 1692 ET SEQ.**

50. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq.

52. As a result of each and every violation of the FDCPA, Plaintiffs and Class Members are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

**SECOND CAUSE OF ACTION FOR VIOLATIONS OF**

**THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**("RFDCPA") CAL. CIV. CODE § 1788, ET SEQ.**

53. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

55. Cal. Civ. Code § 1788.17 incorporates the FDCPA (15 U.S.C. § 1692b through 1692j). Therefore, each of stated violations of the FDCPA also constitutes a violation of the RFDCPA (Cal. Civ. Code § 1788.17).

56. As a result of each and every violation of the RFDCPA, Plaintiff and Class Members are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount of up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each

KAZEROUNI LAW GROUP, APC
Costa Mesa, CA

Defendant individually.  In addition, Plaintiffs and the members of the class are entitled to an award of statutory damages to the class in amount of $500,000 or 1 percent of the net worth of Defendant pursuant to Cal. Civ. Code § 1788.17.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant for:

- That this action be certified as a class action on behalf of the Class and Plaintiffs be appointed as the representative of the Class;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), for each plaintiff and putative class member against each named Defendant individually;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), for each plaintiff and putative class member against each named Defendant individually;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendant individually;
- Any and all other relief that this Court deems just and proper.

## TRIAL BY JURY

57. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: September 24, 2015                     Respectfully submitted,

### KAZEROUNI LAW GROUP, APC

By:  __/s/ Abbas Kazerounian__
ABBAS KAZEROUNIAN, ESQ.
ATTORNEY FOR PLAINTIFFS

KAZEROUNI LAW GROUP, APC
Costa Mesa, CA