# EXHIBIT 1

Class Action Settlement Agreement and General Release

---

*Behrouz A. Ranekouhi, Fereshte Ranekouhi, and
Goli A. Ranekohui, Individually and On Behalf of
All Others Similarly Situated,*

*Plaintiffs,*

*v.*

*S.B.S. Trust Deed Network dba S.B.S. Lien Services,*

*Defendant.*

Case No. 8:15-cv-01541-CJC-JCG

**KAZEROUNI LAW GROUP, APC**
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626
TELEPHONE: (800) 400-6808

## CLASS ACTION SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made and entered into by and among Plaintiffs BEHROUZ A. RANEKOUHI, FERESHTE RANEKOUHI, AND GOLI A. RANEKOUHI ("Plaintiffs"), on behalf of themselves and all other Class Members and Defendant, S.B.S. Trust Deed Network Inc. dba S.B.S. Lien Services ("Defendant") (both collectively, the "Parties"), in full and final settlement of the civil action entitled, "*BEHROUZ A. RANEKOUHI, FERESHTE RANEKOUHI, AND GOLI A. RANEKOUHI v. S.B.S. Lien Services, et al.,*" Civil Action No. 15-cv-01541-CJC (hereinafter the "Lawsuit").

## RECITALS

WHEREAS, on September 24, 2015, Plaintiffs filed the Lawsuit asserting claims against Defendant under the federal Fair Debt Collection Practices Act and the California Rosenthal Act, on their own behalf and on behalf of a proposed class consisting of all persons with California addresses who were sent a form dunning notice during the Class Period by Defendant, which Lawsuit is pending in the United States District Court for the Central District of California;

WHEREAS, said Lawsuit relates to a form dunning notice attached to a Notice of Default recorded in connection with the non-judicial foreclosure of an assessment lien from a homeowner's association (a copy of which is attached as Exhibit "A") used by Defendant containing statements, which include, but are not limited to the following:

> ""As of 10/9/2014 the total delinquency owed was $6,347.80, because of interest, late charges, and other charges that may vary from day to day this amount will increase until the delinquency has been fully paid. Before forwarding payment please contact the above at the address or phone number listed in order to receive the current amount owed."

> "As of 10/9/14, the amount required to pay the entire debt in full was the unpaid lien amount of $6,347.80, plus interest from, late charges, negative escrow and attorney and/or trustee's fees and costs that may have been incurred. The amount will increase daily until the debt has been paid in full. For further information please write to the above listed address or call (818) 991-4600.

> "You may dispute the validity of this debt, or any portion thereof, by contacting our office within thirty (30) days after receiving this notice. In that event, we will obtain and mail to you written verification of the debt. Otherwise, we will assume that the debt is valid.""

000002

WHEREAS, Plaintiffs have alleged that said dunning notice uses false, deceptive, misleading and overshadowing language, confusing consumers as to their consumer rights.

WHERAS, Defendant disputes the allegations of the Complaint and further denies that it is a debt collector under either the Fair Debt Collection Practices Act or the Rosenthal Act.

WHEREAS, the Parties desire to settle this matter and agree that the costs of litigation will exceed the benefits of settlement to the Class Members and to Defendant.  Therefore, the Parties agree that it is to their mutual benefit to settle and resolve their outstanding differences regarding the claims and defenses asserted in, and relating, to the subject matter of the Lawsuit;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the Parties, that subject to the jurisdiction and approval of the Court and affirmation on any appeals, the Lawsuit shall be finally and fully resolved under the following terms and conditions.

## DEFINITIONS

"Agreement" means this Class Action Settlement Agreement and General Release, inclusive of Exhibits.

"Class" means all persons whom Defendant's records reflect owned real property in the State of California and who were sent a communication containing the language quoted above in connection with Defendant's recordation of a Notice of Default (a) bearing the Defendant's letterhead which were in substantially the same form as the letter(s) sent to Plaintiffs, (b) sent to consumers seeking payment of a consumer debt, (c) a debt which was primarily for personal, family and household purposes, (d) sent during the "Class Period," (e) which were not returned undeliverable by the US Post Office, and (f) husbands and wives or trustees of a family trust acting jointly shall be considered a single Class Member."  The Class expressly excludes all persons who, in accordance with the terms of this Agreement, execute a valid and timely request for exclusion ("Opt Out") from the Class.

"Class Counsel" means Joshua B. Swigart, of Hyde & Swigart, APC located at 2221 Camino Del Rio South, Ste. 101, San Diego, CA 92108-3551 and Abbas Kazerounian and Mona Amini of Kazerouni Law Group, APC located at 245 Fischer Avenue, Unit D1 Costa Mesa, CA 92626.

"Class Member" means any person who is a member of the Class and who does not validly and timely Opt Out of the Agreement.

"Class Period" means the time period from September 25, 2014 to September 24, 2015.

"Counsel for Defendant" means Martin T. McGuinn, Esq., of the law firm of Kirby & McGuinn, A P.C., 707 Broadway, Suite 1750, San Diego, CA 92101.

"Court" means the United States District Court, Central District of California.

000003

"Defendant" means S.B.S. Trust Deed Network, dba S.B.S. Lien Services Inc., a California Corporation.

"FDCPA" means the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

"Final Approval Hearing" means the hearing during which the Court will determine whether to enter the Final Approval Order and Judgment.

"Final Approval Order and Judgment" means the order and form of judgment approving this Agreement and dismissing the Lawsuit with prejudice.

"Lawsuit" means the civil action entitled, "*Behrouz A. Ranekouhi, Fereshte Ranekouhi, and Goli A. Ranekouhi et al., v. S.B.S. Lien Services, et al.*," Civil Action No. CV 15-01541-CJC-JCG, pending in the United States District Court for the Central District of California, Southern Division.

"Plaintiffs" or "Representative Plaintiffs" means Behrouz A. Ranekouhi, Fereshte Ranekouhi, and Goli A. Ranekouhi.

"Preliminary Approval Hearing" means the hearing during which the Court determines whether to enter the Preliminary Approval Order.

"Preliminary Approval Order" means the order preliminarily approving this Agreement and conditionally certifying a class action.

"Rosenthal Act" means the California Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, et seq.

## 1.  INTRODUCTION

1.1      Representative Plaintiffs contend that Defendant violated the FDCPA and the Rosenthal Act by sending dunning notices to consumers (attached as **Exhibit A**), which contained false, deceptive, and misleading language and lacked a proper validation notice in its attempts to collect a debt.  As a result of the violation, Representative Plaintiffs contend that they and the Class Members have suffered harm and are entitled to relief.

1.2      Defendant has not answered the complaint filed by Representative Plaintiffs, but Defendant denies Plaintiffs' allegations.

1.3      The maximum relief to which Representative Plaintiffs would be entitled under the FDCPA if this Lawsuit were to be tried and if the result after trial were completely favorable to Representative Plaintiffs is $2,000.00 in statutory damages ($1,000.00 under the FDCPA and $1,000.00 in statutory damages under the RFDCPA).  Thus, the maximum amount of damages to which the Class Members would be entitled under the FDCPA and RFDCPA upon a completely favorable result after trial is the lesser of one percent of Defendant's net worth, or $500,000.00.

000004

Upon review of Defendant's financial records and sworn statements, the Parties stipulate and agree that Class Members will receive a recovery that is collectively valued far in excess of one percent (1%) of Defendant's net worth. The Court need not award the maximum, but may award some lesser amount in its discretion after considering the factors listed in the FDCPA § 1692k. Each Class Member would have to prove any actual damages claim he or she would like the Court to consider.

1.4     Based on the representations and evidence provided by Defendant, the Parties hereby agree that the Class is comprised of approximately 125 persons.

1.5     Accordingly, each Class Member shall be awarded $75.00 as a statutory award, an amount which the Parties deem sufficient and is within the range of other previously Court-approved awards. Should any putative Class Members opt out of the settlement, the remaining Class Members shall not receive additional compensation, but the remaining funds will be paid to a cy pres fund as identified by Plaintiffs below and distributed to the cy pres recipient.

## 2.  SETTLEMENT

### Parties' Desire to Settle

2.1     Although Class Counsel and Representative Plaintiffs believe that the Lawsuit is meritorious, in order to avoid the uncertainly, expense and delay that is inherent in further litigation during which Defendant would mount a vigorous defense of all of Representative Plaintiffs' claims as Defendant has denied liability, Representative Plaintiffs and Class Counsel have determined that it would be in the best interest of the Representative Plaintiffs and Class Members to enter into this Agreement settling the Lawsuit.

2.2     In order to avoid the risks and consequential expenses of going forward with the litigation, as well as to avoid the diversion of time and resources from Defendant's business into protracted litigation, Defendant and Counsel for Defendant consider that it is in Defendant's best interest to settle this litigation by entering into this Agreement.

### Court Approval of Class Certification under Rule 23(b)(l)(A) and 23(b)(3)(A)

2.3     The Parties agree that they will seek the Court's approval in certifying a Class, as defined in this Agreement under Rules 23(b)(l)(A) & 23(b)(3)(A) of the Federal Rules of Civil Procedure.

### Notice to Class Members

2.4     The Parties hereby agree that Notice shall be given by First Class Mail to any persons who have received dunning notices in connection with the recordation of a Notice of Default from the Defendant during the Class Period. Putative Class Members will be given an opportunity to object to, or opt out of, this Agreement. The Court will then hold a Final Approval Hearing during which the Court will give any objectors the opportunity to be heard and during which the Court will determine whether the settlement is fair, reasonable and

adequate.  To this end, the Parties agree that this Agreement will be attached as Exhibit 1 to their Joint Motion for Preliminary Approval of Class Action Settlement Agreement.  Defendant agrees to pay for all costs and expenses associated with the Notice program.

**Settlement Terms**

2.5     The Parties agree to the following settlement terms:

a)     <u>Award to the Class</u>.  The Parties agree to and stipulate that the award to the Class shall be $9,375.00 a multiplier of one (1) percent of Defendant's actual net worth.  All Class Members who do not opt out of the Class shall receive $75.00 of the Class settlement sum and any balance shall be paid to a cy pres recipient

b)     <u>Individual Relief to Representative Plaintiffs</u>.  The Parties agree that each Representative Plaintiff shall receive a $2,075.00 award representing a statutory FDCPA and RFDCPA award and an incentive award as a Class representative of $2,000.00, in addition to his or her $75.00 Class Member award.

c)     In the event the Court approves the Class Settlement, the Parties agree that Class Counsel shall be entitled to reasonable attorney's fees and litigation costs.  The Parties further understand that the estimated amount of attorneys' fees and litigation costs are capped at $40,000.00. Defendant agrees not to oppose Class Counsel's application for attorneys' fees and litigation costs of up to $40,000.00; and Plaintiffs and Class Counsel agree not to petition the Court for more than $40,000.00 total for attorneys' fees and litigation costs.  However, the final amount of attorneys' fees and costs shall be subject to proof.  If a dispute arises over the amount of attorneys' fees and costs, the court shall retain jurisdiction to determine the amount of reasonable fees and costs pursuant to an application or motion.

The Parties further agree to negotiate the reasonable attorneys' fees and litigation costs once these fees are known.  Class Counsel shall provide billing records, invoices and copies of their proposed fees and costs to Counsel for Defendant to facilitate these negotiations and to avoid a motion or application for fees and costs.

Defendant shall deliver the three separate checks, as indicated below:

d)     The Class award shall be made payable to the Class Administrator in the amount of $9,375.00 upon final approval of the Class Settlement by the Court;

e)     The Representatives awards shall be made payable to Kazerouni Law Group, APC, Attorney Client Trust Account" in the amount of $2,075.00, provided that Joshua B. Swigart, Esq. or Abbas Kazerounian, Esq. or Mona Amini Esq. provides the required documentation, such as W-9 forms, to Counsel for Defendant within ten (10) days following the Court's order for final approval of the Class Settlement; and

f)     The Attorneys' fees and costs award shall be made payable to: "Hyde & Swigart, APC Trust Account" and/or to "Kazerouni Law Group, APC, Attorney Client Trust Account" in the amount either negotiated by the parties or awarded by the court upon Class

000006

Counsel moving or applying for an award of fees and costs, provided that Class Counsel provides the required documentation such as W-9 forms to Counsel for Defendant within ten (10) days following the Court's order for final approval of the Class Settlement.

g)   Except as provided in this Agreement, each party shall bear its own legal fees, costs and expenses.

**Effect of Set Aside or Reversal of Final Order and Judgment**

2.6   If the Final Order and Judgment is set aside or reversed, in whole or in part, for any reason, then at such time as the time for any appeal from said set aside or reversal has elapsed with no notice of appeal having been filed, Defendant may reclaim all funds in the escrow account, including interest accumulated thereon.

## 3.   PRELIMINARY APPROVAL ORDER

3.1   Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Parties shall jointly submit this Agreement to the Court at the Preliminary Approval Hearing requesting the Court's Preliminary Approval of this Agreement, conditional certification of the Class, appointment of Plaintiffs as Representative Plaintiffs, appointment of Class Counsel, approval of the publication notice, and entry of a Preliminary Approval Order, in the form of the proposed order attached as **Exhibit C** to this Agreement, staying any activities in the Lawsuit, except for activities related  to the approval of this settlement and setting a date for the Final Approval Hearing.

## 4.   CLASS NOTICE

4.1   Notice to the Class will be accomplished via individual letters sent via First Class Mail.  The Parties will request that the notices to the Class be mailed no later than thirty (30) days after the date on which the Preliminary Approval Order is entered by the Court.

4.2   Defendant shall pay the reasonable costs of the notice program, including copying fees and postage costs.  In no event shall Representative Plaintiffs or Class Counsel be responsible for any costs associated with the production or mailing of the notice.  The cost of the notice program and Class Administrator will be capped at $5,000.00.

4.3   The notice shall be in substantially the same form as the form notice attached hereto as **Exhibit B.**

## 5.   CLASS ACTION ADMINISTRATION

5.1   Defendant hereby agrees to pay all costs and expenses associated with the administration of the class settlement, which includes, but is not limited to, the fees for re-settlement services, the notice program, claims processing and benefit disbursement.  The Parties agree that the ILYM Group, Inc. shall be the class action administrator and shall be responsible for the administration of the class settlement.  Defendant shall have the option to change the class administrator.

## 6. OPT OUTS, OBJECTIONS AND FINAL APPROVAL

6.1    The Parties will request that the Opt Out and Objection Deadline be forty-five (45) days after the post-marked date of the Notice. Putative Class Members have the right to exclude themselves or "Opt Out" from this settlement and from the Class by timely submitting a request to Opt Out in accordance with the Opt Out procedure described below. Putative Class Members have the right to object to the fairness of this settlement by timely filing an Objection in accordance with the Objection procedure described below. Putative Class Members who properly request to Opt Out shall be excluded from this settlement and from the Class. Within ten (10) days after the Opt Out and Objection deadline, Class Counsel shall furnish Counsel for Defendant with a complete list of all properly submitted Opt Out requests and Objections received. Any putative Class Member who does not properly request to Opt Out shall be deemed a Class Member and shall be bound by the terms of this Agreement as well as the Final Approval Order and Judgment. Any putative Class Member who timely submits a request to Opt Out shall have until the date of the Final Approval Hearing to deliver to Class Counsel a written revocation of such request to Opt Out. Class Counsel shall timely apprise the Court and Counsel for Defendant of such revocations.

### Opt Out Procedure and Deadline

6.2    Any putative Class Member who desires to be excluded from the Class must send a written request to Opt Out to the class action administrator, ILYM Group, Inc., 15331 Barranca Parkway, Irvine, CA 92681, Telephone: (888) 250-6810, with a postmarked date no later than forty five (45) days after the date of the postmark on the envelope containing the Notice of Pendency of Proposed Settlement of Class Action. Alternatively, a putative Class Member may email an Opt Out request to the offices of Class Counsel to either josh@westcoastlitigation.com; ak@kazlg.com or mona@kazlg.com no later than forty five (45) days after the date of the postmark on the envelope containing the Notice of Pendency of Proposed Settlement of Class Action.

6.3    In the written request to Opt Out, the putative Class Member must set forth his or her full name, full address and telephone number, along with a statement that he or she wishes to be excluded from the Class.

6.4    Putative Class Members who submit a valid and timely request to Opt Out shall not be bound by the terms of this Agreement and shall not be members of the Class.

### Objection Procedure and Deadline

6.5    Any Class Member who desires to object to the fairness of this settlement must send a written Objection to the Court with a postmarked date no later than forty-five (45) days after the notice is published. Further, any such Class Member must provide a copy of the written Objection to the offices of Class Counsel and Counsel for Defendant with a post-marked date no later than forty-five (45) days from the post-marked date of the Notice.

000008

Alternatively, a Class Member may hand deliver an Objection to the offices of Class Counsel and Counsel for Defendant no later than forty-five (45) days from the post-marked date of the Notice.  Objections may also be made via email by contacting: josh@westcoastlitigation.com; ak@kazlg.com or mona@kazlg.com and stating any objections.

6.6     In the written Objection, the Class Member must set forth his or her full name, full address, and telephone number, the reason for his or her objection, whether he or she intends to appear at the Final Approval Hearing and whether any appearance shall be on his or her own behalf or through counsel.  Further, the Class Member may attach to his or her written Objection any documents supporting the Objection.

6.7     Any Class Member who does not file a valid and timely written Objection to the settlement shall be barred from challenging the fairness of the settlement and from seeking review of the settlement, and shall be bound by the terms of the settlement.

6.8     Defendant shall not whether through Class Counsel or otherwise, communicate with any Class Member nor give advice to any Class Member regarding the Lawsuit or the settlement of the Lawsuit.  If a Class Member should contact Defendant with any inquiry regarding the Lawsuit or the settlement of the Lawsuit, Defendant's sole response shall be to direct said Class Member to communicate with Class Counsel at the address and telephone number for Class Counsel stated in the publication notice.  However, Defendant shall be allowed to communicate with Class Members regarding any collection issues.

## 7.  FINAL APPROVAL ORDER AND JUDGMENT

7.1     The Parties will request that the date of the Final Approval Hearing be no later than seventy-five (75) days from the post-marked date of the Notice.  The Parties will cooperate in order to prepare for the Final Approval Hearing.  At the Final Approval Hearing, the Parties shall request the Court to enter Final Approval Order and Judgment, in the form of the proposed order attached as **Exhibit D** to this Agreement, granting final approval of this Agreement, to enter judgment thereon and to dismiss the Lawsuit with prejudice.  In order to satisfy the requirement of this Agreement, the final judgment must include, either by specific statement or by reference to this Agreement, as permitted by law and the Rules of Court, provisions which:

a)     Affirm certification of this proceeding as a Class Action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, with the Class as defined herein.

b)     Find that the notice given to Class Members satisfied the requirements of both the Federal Rules of Civil Procedure 23 and due process and that the Court has jurisdiction over the Parties and the Class.

c)     Find that the Agreement is fair, reasonable and adequate to the Class Members and approve the Agreement.

d)     Order that the Representative Plaintiffs and all Class Members have affected the releases set forth in Paragraph 8 of this Agreement, thereby releasing the Released Claims as to the Released Parties.

000009

e)      In an order and judgment conforming to Federal Rule of Civil Procedure 54 and which is immediately appealable, dismiss on the merits and with prejudice all claims in the Lawsuit, and permanently enjoin the Representative Plaintiffs and all Class Members from bringing or prosecuting any Released Claim against any Released Party.  It is the Parties' intention that such dismissal shall constitute a final judgment of the Releasing Parties' claims against the Released Parties on the merits to which the principles of res judicata shall apply to the fullest extent of the law as to the Released Parties.

f)      Retain jurisdiction over all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Agreement and the Final Approval Order and Judgment.

## 8.      RELEASE, COVENANT NOT TO SUE, BAR ORDER AND DISMISSAL

## WITH PREJUDICE

8.1      Upon the Effective Date, the Representative Plaintiffs and all Class Members, including their respective attorneys, heirs, executors, administrators, agents, legal representatives, assigns and successors, but only to the extent their claims are derived from the claims of Class Members (collectively, the "Releasing Parties"), shall forever release and discharge all claims, including any and all claims, rights, and liabilities of any nature, including but not limited to, actions, claims, demands, causes of action, obligations, damages, debts, charges, attorneys' fees, costs, arbitrations, forfeitures, judgments, indebtedness, liens and losses of any whatever kind, source or character whether arising out of federal or state law (including but not limited to the Fair Debt Collections Practices Act ("FDCPA"), the Rosenthal Fair Debt Collections Practices Act ("RFDCPA"), whether known or unknown, whether asserted or unasserted, whether asserted by any Releasing Party on its own behalf or on behalf of any other person or entity, arising on or before the Effective Date, whether in contract, express or implied, tort, at law or in equity or arising under or by virtue of any statute or regulation (including but not limited to the FDCPA, or the RFDCPA), by reason of, arising out of, or in any way related to any of the facts, acts, events, transactions, occurrences, courses of conduct, business practices, representations, omissions, circumstances or other matters related in any way to the Lawsuit, or addressed in this Agreement, whether any such claim was or could have been asserted by any Releasing Party on its own behalf or on behalf of other Persons (the "Released Claims"), against Defendant and any of its former, present, and future assigns, predecessors, successors, affiliates, parent companies, subsidiaries, controlled companies, employees, officers, directors, principals agents, representative, attorneys, insurers (including Navigators Insurance Company), successors, and assigns, and all persons acting by and through them (collectively, the "Released Parties").

8.2      The Releasing Parties and each of them agree and covenant not to sue or cooperate in the filing or prosecution of any suit or proceeding, in any forum based upon or related to any Released Claims against any Released Party.  Notwithstanding any other provision of this Agreement, nothing in this Agreement shall limit or preclude the Releasing Parties' rights to enforce any provision of this Agreement or to assert any defenses in any lawsuit brought against any Releasing Party to collect on any debt.

000010

8.3     The Parties intend that this Agreement eliminate all further risk and liability of the Released Parties relating to the Released Claims, and accordingly agree that the Court shall include in the Final Approval Order and Judgment by specific statement or reference to this Agreement, a Bar Order Provision as follows:

> The Releasing Parties are permanently enjoined from: (i) filing, commencing, prosecuting, intervening in, participating in or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding or order in any jurisdiction based on any or all Released Claims against one or more Released Parties; (ii) instituting, organizing class members in, joining with class members in, amending a pleading in or soliciting the participation of class members in, any action or arbitration, including but not limited to a purported class action, in any jurisdiction against one or more Released Parties based on, involving, or incorporating, directly or indirectly, any or all Released Claims; and (iii) filing, commencing, prosecuting,  intervening in, participating in or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding or order in any jurisdiction based on an allegation that an action of the Released Parties, which is in compliance with the provisions of the Agreement, violates any right of any Class Member.

8.4     All other claims asserted by Plaintiffs in this Lawsuit, if any, shall be dismissed with prejudice.

## 9.  RIGHT TO TERMINATE THIS AGREEMENT

9.1     Defendant expects that the total number of Class Members is 125. If the number of putative Class Members submitting Opt Out requests is five (5) percent of the Class, Defendant may terminate its participation in this Agreement by delivering a notice of termination to Class Counsel within fifteen (15) calendar days of receipt of the complete list of Opt Out requests from Class Counsel.

9.2     If either party terminates this Agreement pursuant to this Paragraph this Agreement shall be of no force or effect and all rights and defenses of the Parties shall be restored, without prejudice, to their respective positions as of the date immediately before this Agreement was executed.

## 10. EFFECTIVE DATE OF THIS AGREEMENT

10.1    If the Final Approval Order and Judgment is entered by the Court and the time for appeal has elapsed with no notice of appeal having been filed, the "Effective Date" shall be the next business day after the last date on which notice of appeal could have been timely filed.

10.2    If the Final Approval Order and Judgment is entered and an appeal is filed, the "Effective Date'" shall be the next business day after the Final Approval Order and Judgment is

000011

affirmed, all appeals are dismissed, and no further appeal to, or discretionary review in, any court remains.

## 11. TERMINATION DATE OF THIS AGREEMENT

11.1    The Termination Date of this Agreement shall be the earliest to occur of (i) a Party's termination of this Agreement pursuant to Paragraph 9 above, or (ii) the Final Approval Order and Judgment is not affirmed on any appeal or discretionary review, and no further appeal to, or discretionary review in, any court remains.  As of the Termination Date, the provisions of this Agreement shall immediately become void and of no further force and effect and there shall be no liability under this Agreement on the part of any of the Parties.

## 12. ENTIRE AGREEMENT

12.1    This Agreement, including Exhibits, contains an entire, complete, and integrated statement of each and every term and provision agreed to by and among the Parties; it is not subject to any condition not provided for herein.  This Agreement supersedes any prior agreements or understandings, whether written or oral, between and among the Parties regarding the Lawsuit or this Agreement. This Agreement shall not be modified in any respect except by a writing executed by Class Counsel and Counsel for Defendant or the Parties.

## 13. NO PRESUMPTION AGAINST DRAFTER

13.1    This Agreement was drafted with substantial input by all Parties and their counsel, and no reliance was placed on any representations other than those contained herein.  The Parties agree that this Agreement shall be construed by its own terms, and not by referring to, or considering, the terms of any other settlement, and not by any presumption against the drafter.

## 14. CAPTIONS AND HEADINGS

14.1    The use of captions and headings in this Agreement is solely for convenience and shall have no legal effect.

## 15. CONTINUING JURISDICTION AND EXCLUSIVE VENUE

15.1    Except as otherwise provided in this Agreement, it is expressly agreed and stipulated that the United States District Court, Central District of California shall have exclusive original jurisdiction and authority to consider, rule upon, and issue a final order with respect to suits, whether judicial, administrative or otherwise, which may be instituted by any person, individually or derivatively, with respect to this Agreement.

15.2    Except as otherwise provided in this Agreement, each Class Member hereby irrevocably submits to the exclusive original jurisdiction and venue of the United States District Court, Central District of California for any suit, action, proceeding, case, controversy, or dispute relating to this Agreement.

## 16. COUNTERPARTS

16.1    This Agreement may be executed in counterparts, each of which shall constitute

000012

an original. Facsimile signatures shall be considered valid signatures, although the original signature pages shall thereafter be appended to this Agreement.

## 17. SUCCESSORS AND ASSIGNS

17.1    The provisions of this Agreement shall be binding upon and inure to the benefit of the respective successors and assigns of the Representative Plaintiffs, Class Members, Class Counsel, Defendant and Counsel for Defendant.

## 18. GOVERNING LAW

18.1    This Agreement and all agreements, exhibits, and documents relating to this Agreement shall be construed under the laws of the State of California, without regard to any rules regarding the conflict of laws.

## 19. SEVERABLE AGREEMENT

19.1    The provisions of this Agreement are intended to be severable.  Should any provision be found illegal, invalid or unenforceable by any court of competent jurisdiction for any reason, it shall be severable from the remainder of this Agreement.  Should any provision be found illegal, invalid or unenforceable by any court, the Parties agree to co-operate to arrive at a replacement provision which is legal, valid and enforceable.

## 20. NO ADMISSION OF LIABILITY OR LACK  OF MERIT

20.1    This Agreement shall not be construed as an admission of liability or wrongdoing or breach of any duty on the part of Defendant, nor shall this Agreement be construed as an admission by Representative Plaintiffs of the lack of merit of any claims.  This Agreement shall not be admissible in any proceeding except an action to enforce the terms of the Agreement.

## 21. JOINT STATEMENT

21.1    If necessary, the Parties agree to draft a joint statement for communicating with the media and general public concerning this Agreement and the underlying litigation, and agree to limit their communications to the substance of the joint statement.  In furtherance of this provision, the Parties agree that they will not independently contact the media concerning this Agreement or that the Parties have reached a settlement.

## 22. ARM'S LENGTH NEGOTIATIONS

22.1    The Parties agree that the amount paid to the Submitted Claim Fund and the other terms of the settlement were negotiated at arm's length and in good faith by the Parties, and represent a settlement that was reached voluntarily after consultation with knowledgeable and experienced counsel.

## 23. NOTICE TO PARTIES

23.1    All notices from one party to another party required under this Agreement shall be sent by regular first class mail, certified mail return receipt requested, or by hand delivery to

000013

Class Counsel (Joshua B. Swigart, of Hyde & Swigart, APC located at 2221 Camino Del Rio South, Ste. 101, San Diego, CA 92108-3551 and Abbas Kazerounian and Mona Amini of the Kazerouni Law Group, APC located at 245 Fischer Avenue, Unit D1 Costa Mesa, CA 92626) or to Counsel for Defendant (Martin T. McGuinn, Esq. of the law firm Kirby & McGuinn, A P.C., 707 Broadway, Suite 1750, San Diego, CA 92101), as appropriate, or to later designated recipients.  All mailed notices shall be measured by the date of mailing.


      **IN WITNESS WHEREOF**, the Parties hereto, acting by and through their respective legal counsel, have so agreed:


BEHROUZ A. RANEKOUHI            HYDE & SWIGART, APC
Representative Plaintiff                 Class Counsel


By: _____    By:_____
      Behrouz A. Ranekouhi                 Joshua B. Swigart, Esq.

Dated: _____    Dated:_____


FERESHTE  RANEKOUHI             KAZEROUNI LAW GROUP, APC
Representative Plaintiff                 Class Counsel


By: _____    By:_____
      Fereshte Ranekouhi                 Abbas Kazerounian, Esq.

Dated: _____    Dated:_____


GOLI A. RANEKOUHI
Representative Plaintiff


By: _____
      Goli A. Ranekouhi

Dated: _____

000014

S.B.S. TRUST DEED NETWORK, dba             KIRBY & McGUINN, A P.C.
S.B.S. LIEN SERVICES, a CALIFORNIA         Counsel for Defendant
CORPORATION
Defendant


By:_____        By:_____
         Mitchell Willet, President                      Martin T. McGuinn, Esq.

Dated:_____         Dated:_____

000015

South, Ste. 101, San Diego, CA 92108-3551 and Abbas Kazerounian and Mona Amini of the Kazerouni Law Group, APC located at 245 Fischer Avenue, Unit D1 Costa Mesa, CA 92626) or to Counsel for Defendant (Martin T. McGuinn, Esq. of the law firm Kirby & McGuinn, A P.C., 707 Broadway, Suite 1750, San Diego, CA 92101), as appropriate, or to later designated recipients.  All mailed notices shall be measured by the date of mailing.

**IN WITNESS WHEREOF**, the Parties hereto, acting by and through their respective legal counsel, have so agreed:

**BEHROUZ A. RANEKOUHI**
**Representative Plaintiff**

**HYDE & SWIGART, APC**
**Class Counsel**

By: _Behrouz A. Ranekouhi_
      Behrouz A. Ranekouhi

By: _____
      Joshua B. Swigart, Esq.

Dated: _2/16/2016_

Dated: _____

**FERESHTE  RANEKOUHI**
**Representative Plaintiff**

**KAZEROUNI LAW GROUP, APC**
**Class Counsel**

By: _Fereshte A. Ranek_
      Fereshte Ranekouhi

By: _____
      Abbas Kazerounian, Esq.

Dated: _2, 16, 2016_

Dated: _____

**GOLI A. RANEKOUHI**
**Representative Plaintiff**

By: _Goli A. Ranekouhi_
      Goli A. Ranekouhi

Dated: _2-16-2016_

000016

South, Ste. 101, San Diego, CA 92108-3551 and Abbas Kazerounian and Mona Amini of the Kazerouni Law Group, APC located at 245 Fischer Avenue, Unit D1 Costa Mesa, CA 92626) or to Counsel for Defendant (Martin T. McGuinn, Esq. of the law firm Kirby & McGuinn, A P.C., 707 Broadway, Suite 1750, San Diego, CA 92101), as appropriate, or to later designated recipients.  All mailed notices shall be measured by the date of mailing.


**IN WITNESS WHEREOF**, the Parties hereto, acting by and through their respective legal counsel, have so agreed:


BEHROUZ A. RANEKOUHI                    HYDE & SWIGART, APC
Representative Plaintiff                 Class Counsel


By: _____     By:_____
    Behrouz A. Ranekouhi                     Joshua B. Swigart, Esq.

Dated: _____     Dated:_____
                                            02/16/16


FERESHTE  RANEKOUHI                      KAZEROUNI LAW GROUP, APC
Representative Plaintiff                 Class Counsel


By: _____     By:_____
    Fereshte Ranekouhi                       Abbas Kazerounian, Esq.

Dated: _____     Dated:_____


GOLI A. RANEKOUHI
Representative Plaintiff


By: _____
    Goli A. Ranekouhi

Dated: _____

000017

South, Ste. 101, San Diego, CA 92108-3551 and Abbas Kazerounian and Mona Amini of the Kazerouni Law Group, APC located at 245 Fischer Avenue, Unit D1 Costa Mesa, CA 92626) or to Counsel for Defendant (Martin T. McGuinn, Esq. of the law firm Kirby & McGuinn, A P.C., 707 Broadway, Suite 1750, San Diego, CA 92101), as appropriate, or to later designated recipients.  All mailed notices shall be measured by the date of mailing.

**IN WITNESS WHEREOF**, the Parties hereto, acting by and through their respective legal counsel, have so agreed:


BEHROUZ A. RANEKOUHI
Representative Plaintiff

HYDE & SWIGART, APC
Class Counsel


By: _____
     Behrouz A. Ranekouhi

By:_____
     Joshua B. Swigart, Esq.

Dated: _____

Dated:_____


FERESHTE  RANEKOUHI
Representative Plaintiff

KAZEROUNI LAW GROUP, APC
Class Counsel


By: _____
     Fereshte Ranekouhi

By:_____
     Abbas Kazerounian, Esq.

Dated: _____

Dated:_____02/16/16_____


GOLI A. RANEKOUHI
Representative Plaintiff


By: _____
     Goli A. Ranekouhi

Dated: _____

000018

S.B.S. TRUST DEED NETWORK, dba
S.B.S. LIEN SERVICES, a CALIFORNIA
CORPORATION
Defendant

KIRBY & McGUINN, A P.C.
Counsel for Defendant

By: _____
Mitchell Willet, President

By: _____
Martin T. McGuinn, Esq.

Dated: ___2|17|16___

Dated: ___2/17/16___

# EXHIBIT A

**S.B.S. Trust Deed Network**
**31194 La Baya Drive, Suite 106**
**Westlake Village, California 91362**

**(818) 991-4600**

Date: 10/13/2014

T.S. Number: ███████
Loan Number: ███████

## DEBT VALIDATION NOTICE

1.  The enclosed document relates to a debt owed to:
    **WESTLAKE VILLAS COMMUNITY ASSOCIATION**

2.  You may send us a written request for the name and address of the original creditor, if different from the current creditor, and we will obtain and mail the information within thirty (30) days after we receive your written request.

3.  As of **10/9/2014** the total delinquency owed was **$6,347.80**, because of interest, late charges, and other charges that may vary from day to day this amount will increase  until the delinquency has been fully paid.  Before forwarding payment please contact the above at the address or phone number listed in order to receive the current amount owed.

4.  As of **10/9/2014**, the amount required to pay the entire debt in full was the unpaid lien amount of **$6,347.80**, plus interest from , late charges, negative escrow and attorney and/or trustee's fees and costs that may have been incurred.  The amount will increase daily until the debt has been paid in full.  For further information please write to the above listed address or call **(818) 991-4600**

5.  You may dispute the validity of this debt, or any portion thereof, by contacting our office within thirty (30) days after receiving this notice.  In that event, we will obtain and mail to you written verification of the debt. Otherwise, we will assume that the debt is valid.

---

**WE ARE ATTEMPTING TO COLLECT A DEBT, AND ANY INFORMATION
WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

---

2

000021

# EXHIBIT B

*UNITED STATES DISTRICT COURT*
*CENTRAL DISTRICT OF CALIFORNIA*

NOTICE OF PENDENCY OF PROPOSED SETTLEMENT OF CLASS ACTION

IF YOU RECEIVED CORRESPONDENCE ACCOMPANYING A NOTICE OF DEFAULT FOR AN ASSESSMENT FROM S.B.S TRUST DEED NETWORK, a CALIFORNIA CORPORATION DOING BUSEINSS AS S.B.S. LIEN SERVICES, FROM September 25, 2014 TO September 24, 2015,

You May Be Entitled To Benefits Under This Settlement.

Please Read This Notice Carefully, As It Affects Your Legal Rights.

*The United States District Court for the Central District of California authorized this notice.*

*This is not a solicitation from a lawyer.*

Your rights may be affected by the proposed settlement ("Settlement") discussed in this court-authorized notice ("Notice"). This Notice is to inform you of the conditional certification of a settlement class, the nature of the claims at issue, your right to participate in, or exclude yourself from the settlement class, and the effect of exercising your various options.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| DO NOTHING<br><br>(PARTICIPATE IN THE SETTLEMENT) | If you agree with the proposed Settlement, you need not do anything until after the Court decides whether to approve the Settlement. |
| EXCLUDE YOURSELF | You will not be entitled to participate in the Settlement if you choose this option. |
| OBJECT OR COMMENT | Write to the Court about why you do, or do not, like the Settlement.  You must remain in the class to comment in support of or in opposition to the Settlement. |
| ATTEND THE HEARING | Ask to speak to the Court about the fairness of the Settlement. |

| 1. | Why did the Court authorize issuance of this notice? |
|---|---|

This Notice is given to inform you that: (1) a class action lawsuit is pending in the United States District Court for the Central District of California entitled, *BEHROUZ A. RANEKOUHI, FERESHTE RANEKOUHI, AND GOLI A. RANEKOUHI v. S.B.S. TRUST DEED NETWORK d/b/a S.B.S. LIEN SERVICES* (Case No. 15-cv-01541-CJC-JCG); (2) you may be a Settlement Class Member; (3) the parties have proposed to settle the lawsuit; (4) the proposed Settlement may affect your legal rights; and (5) you have a number of options.

| 2. | What is this Litigation about? |
|---|---|

Plaintiffs BEHROUZ A. RANEKOUHI, FERESHTE RANEKOUHI, AND GOLI A. RANEKOUHI ("Plaintiffs") allege that Defendant S.B.S. TRUST DEED NETWORK d/b/a S.B.S. LIEN SERVICES ("Defendant") used false, deceptive and misleading means in an attempt to collect a debt by mailing a dunning notice in connection with the recording of a Notice of Default and, in so doing, misled the least sophisticated consumer.  Plaintiffs further asserted that Defendant violated the federal Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA").

Defendant denies Plaintiffs' allegations.  Defendant further denies that they violated any laws, or that it is liable to Plaintiffs and/or any Class Member.  Accordingly, neither this Notice nor the proposed Settlement reflects any admission by Defendant that their initial dunning notice violated any law or the rights of any recipient of such notices

| 3. | How do I know if I am part of the Settlement Class? |
|---|---|

The Court has conditionally certified the following "Settlement Class":

"Class" means all persons whom Defendant's records reflect owned real property in the State of California and who were sent a communication containing the language quoted above in connection with Defendant's recordation of a Notice of Default (a) bearing the Defendant's letterhead which were in substantially the same form as the letter(s) sent to Plaintiffs, (b) sent to consumers seeking payment of a consumer debt, (c) a debt which was primarily for personal, family and household purposes, (d) sent during the "Class Period," (e) which were not returned undeliverable by the US Post Office, and (f) husbands and wives or trustees of a family trust acting jointly shall be considered a single Class Member."   The Class expressly excludes all persons who, in accordance with the terms of this Agreement, execute a valid and timely request for exclusion ("Opt Out") from the Class.

000023

**4.        Why did the parties agree to a Settlement?**

The Court did not decide in favor of the Plaintiffs or Defendant.  Instead, both sides agreed to a settlement that they believe is a fair, reasonable, and adequate compromise of their respective positions.  The parties reached this agreement only after extensive negotiations, investigation of the claims alleged and the relevant facts, and independent consideration of the risks and benefits of settlement through the assistance of experienced mediators.

Counsel for Plaintiffs and Plaintiffs have considered the substantial benefits from the Settlement that will be given to the Class Members and balanced these benefits with the risk that a trial could end in a verdict for Defendant.  They also considered the value of the immediate benefit of settlement to Class Members versus the costs and delay of litigation through trial and appeals. Even if Plaintiffs were successful in these efforts, Class Members would not receive any benefits for years.

**5.        What benefit does the Settlement provide?**

If the proposed Settlement is approved by the Court, it will provide cash payments to the Class. In return for the relief described below, Class Members release their rights to pursue any claims individually against Defendant relating to the facts and claims at issue in this Litigation.

The following description of the settlement benefits is qualified in its entirety by reference to the Settlement Agreement, a copy of which is on file with the Court.

The parties have agreed to a settlement, which is summarized as follows:

a)        <u>Award to the Class</u>.  The Class shall be awarded $9,375.00.  All Class Members who do not opt out of the Class shall receive a $75.00 class member award.  If a husband and wife or as trustees of a family trust jointly own a single parcel of real property and received a notice only one $75.00 payment will be made to the household.

b)        <u>Statutory Fees to Plaintiffs</u>. Each named Plaintiff shall receive an additional sum of $2,000.00, which represents an award of statutory fees and an incentive award as class representative.

**6.        How do I Receive My Cash Benefit?**

To receive the Cash Benefit under the Settlement, you do not need to do anything.  If you do not exclude yourself from the Settlement, you will receive your benefit in the mail as soon as practical after the Court grants Final Approval to the Settlement.

**7.        What claims do I release if I do not opt out of this settlement?**

Unless you exclude yourself from the Class, approval of this Settlement will result in a release by you of all claims against Defendant that arise out of or are related in any way to this Litigation.

**8.        Do I have a lawyer in the case?**

The Court has appointed the following law firm as Class Counsel: Joshua B. Swigart, of Hyde & Swigart, APC located at 2221 Camino Del Rio South, Ste. 101, San Diego, CA 92108-3551 and Abbas Kazerounian and Mona Amini of the Kazerouni Law Group, APC located at 245 Fischer Avenue, Unit D1 Costa Mesa, CA 92626.

**9.        How will the lawyers for the Settlement Class be paid?**

If the Court approves the Settlement, the Court also will determine what amount of attorneys' fees, costs and all other expenses should be paid to Class Counsel for their representation of Plaintiffs and the Class in this Litigation.  Payment of attorneys' fees and litigation costs to Class Counsel will not reduce any benefit available to you as part of the Settlement, and will be paid separately by Defendant.  The parties have agreed that Class Counsel shall be entitled to reasonable fees and costs.  The parties further understand that the amount of attorneys' fees and costs will be capped at $40,000.00.  However, the final amount of attorneys' fees and costs shall be subject to proof and may be less than the estimated amount.  The court shall retain jurisdiction to determine the amount of reasonable fees and costs pursuant to an application or motion.  Class Counsel will also apply for an Incentive Award in the amount of $2,000.00 to be paid to each of the Plaintiffs.  This sum goes towards resolving any outstanding disputes between Plaintiffs and S.B.S.  This amount, if approved by the Court, will also be paid separately by Defendant.

**10.       What happens if I do nothing after receiving this notice?**

If you do nothing, and the Court approves the settlement, you will be bound by the terms of the Settlement and will be unable to pursue individual claims against Defendant concerning the facts at issue in this Litigation.  If the Settlement is approved, and you do not opt-out of the settlement class, you will receive a cash benefit under the Settlement.

000024

| 11. | What does it mean to request exclusion from the Settlement Class? |
|---|---|

If you come within the Class definition, you will be a member of the Class and will be bound by the settlement if the Court approves it unless you exclude yourself from the Class (also known as "opting out"). Being "bound by the settlement" means that you will be precluded from bringing, or participating as a claimant in, a similar lawsuit. Persons who exclude themselves from the Class will not be bound by the terms of the Settlement and will not be eligible to receive any benefits from the Settlement, but they will retain the right to sue Defendant separately at their own cost.

You cannot exclude yourself from the Class and the Proposed Settlement if you wish to object to the settlement and/or appear before the Court during the Fairness Hearing (see paragraphs 13 and 14), as you need to be a Class Member affected by the Settlement to object or appear.

| 12. | How do I request exclusion? |
|---|---|

You may exclude yourself from the Class provided that your request is made in writing and postmarked before _____, 2016, which is a date 45 days after the date of the postmark on the envelope containing this Notice of Pendency of Proposed Settlement of Class Action.  Your written request to exclude yourself from the Settlement must, send a letter that includes (a) the name of the case, (b) your name, current address, telephone number, and signature, and (c) provide a clear statement communicating that you elect to be excluded from the Settlement. Your written request to exclude yourself from the settlement must be sent to the Ranekouhi v. S.B.S. Lien Services Settlement Administrator, c/o ILYM Group, Inc., 15331 Barranca Parkway, Irvine, CA 92681, Telephone: (888) 250-6810, for exclusion from the class, or to Class Counsel, Josh Swigart at: josh@westcoastlitigation.com or to Abbas Kazerounian at ak@kazlg.com or Mona Amini at mona@kazlg.com.

You will be excluded from the settlement only if your request is *postmarked* on or before _____ 45 days after the date of the postmark on the envelope containing this Notice of Pendency of Proposed Settlement of Class Action, and includes the required information. The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. Class Members who fail to submit a valid and timely request for exclusion on or before the date specified shall be bound by all terms of the Settlement and the Final Order and Judgment, regardless whether they have requested exclusion from the Settlement.

| 13. | What if I do not like the Settlement? |
|---|---|

If you are a Class Member, you can object or comment on the Settlement. To object or comment on the settlement, you must provide the following information in writing:

(i) full name, current address, and current telephone number; and (ii) a statement of the position you wish to assert postmarked by _____, 2016.

Subject to approval of the Court, any objecting Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, or object to any petitions for attorneys' fees, Class Representative Incentive Awards, and reimbursement of reasonable litigation costs and expenses. the objecting Class Member must file with the Clerk of the Court and serve upon all counsel designated in the Class Notice, a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") on or before _____, 2016.

The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing.  Any Class Member who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in the Class Notice, will not be allowed to speak or otherwise present any views at the Final Approval Hearing.

You must notify counsel of your objection postmarked by _____ 2016, and your notice to appear regarding the objection before _____, 2016 twenty-one (21) days prior to the date set in the Notice for the Final Fairness Hearing and send your objection to *both* of the following:

**Class Counsel:**

| | |
|---|---|
| Josh Swigart Esq. | Abbas Kazerounian Esq. |
| Hyde & Swigart | Mona Amini Esq. |
| 2221 Camino Del Rio South, Ste. 101 | Kazerouni Law Group, APC |
| San Diego, CA 92108 | 245 Fischer Avenue, Unit D1 |
| Telephone: (619) 233-7770 | Costa Mesa, California 92626 |
| Facsimile: (619) 297-1022 | Telephone: (800) 400-6808 |
| Email: josh@westcoastlitigation.com | Facsimile: (800) 520-5523 |
| | Email: ak@kazlg.com; mona@kazlg.com |

000025

**Defendant's Counsel:**
Martin T. McGuinn, Esq.
Kirby & McGuinn, A P.C.
707 Broadway, Suite 1750
San Diego, California 92101
Telephone: (619) 685-4000
Facsimile: (619) 685-4004
Email: mmcguinn@kirbymac.com

If your objections do not meet all of the requirements set forth in this section, they will be deemed invalid and will be overruled.

| 14. | When and where will the Court determine whether to approve the Settlement? |
|---|---|

The Court has scheduled a Final Approval Hearing at _____ _. M. on _____, 2016 in Courtroom __ of the United States District Court for the Central District of California located at 411 West Fourth Street, Room 1053 Santa Ana, CA 92701. This hearing may be continued or rescheduled by the Court without further notice. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and will consider Class Counsel's request for attorneys' fees and expenses. The Court also will consider objections. The Court may decide these issues at the Final Approval Hearing or take them under consideration without oral argument.

| 15. | Do I have to come to the final approval hearing |
|---|---|

No. You are not required to come to the hearing but you are welcome to come at your own expense.

Class Members who object to the Proposed Settlement do not need to attend the Final Approval Hearing for their objections to be considered. If you wish to appear either personally or through your own personal attorney at the Final Approval Hearing, you must send both a timely objection and a notice of intention to appear to the Clerk of the Court at the address set forth in Section 14 above, and serve copies on Class Counsel and counsel for Defendant at the addresses set forth in Section 14 above no later than _____, 2016.

Your notice of intention to appear must include copies of any papers, exhibits, or other evidence that you or your counsel will present to the hearing. Any Class Member who does not file and serve a Notice of Intention to appear in accordance with these instructions will be barred from speaking at any hearing concerning this Proposed Settlement.

| 16. | How do I get more information about the settlement? |
|---|---|

This Notice only summarizes the Proposed Settlement. The official terms of the Proposed Settlement are available by reviewing the public files for the United States District Court for the Central District of California, or by sending a self-addressed, stamped envelope to Ranekouhi v. S.B.S. Lien Services Claims Administrator, c/ ILYM Group, Inc., 15331 Barranca Parkway, Irvine, CA 92681, Telephone: (888) 250-6810, or by email to Class Counsel Josh Swigart at: josh@westcoastlitigation.com or to Abbas Kazerounian at ak@kazlg.com or Mona Amini at mona@kazlg.com. In the event of a conflict between the terms of this Notice and the proposed Settlement, the terms of the proposed Settlement will govern.

000026

# EXHIBIT C

000027

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

BEHROUZ A. RANEKOUHI,
FERESHTE RANEKOUHI, and
GOLI A. RANEKOUHI, Individually
and On Behalf of All Others Similarly
Situated,

          Plaintiffs,

      vs.

S.B.S. TRUST DEED NETWORK,
d.b.a. S.B.S. LIEN SERVICES,

         Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No:** 8:15-cv-01541-CJC-JCG

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

      Plaintiffs Behrouz A. Ranekouhi, Fereshte Ranekouhi, and Goli A. Ranekouhi ("Plaintiffs") filed a Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (hereinafter referred to as the "Preliminary Approval Motion") in the above-captioned action (the "Action"). The Preliminary Approval Motion was unopposed by Defendant S.B.S Trust Deed Network d/b/a S.B.S. Lien Services ("SBS" or "Defendant").

      The Court has read and considered the Settlement Agreement (the "Settlement Agreement" or "SA"), the Preliminary Approval Motion, and the record in this case.

NOW, THEREFORE IT IS HEREBY ORDERED:

I.    **JURISDICTION:**   The Court has jurisdiction over the subject matter of the Action and over all settling parties hereto.   All capitalized terms used herein have the meanings defined herein and/or in the Settlement Agreement.

II.   **PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT:**   The Court preliminarily finds that the Settlement of the Action, on the terms and conditions set forth in the Settlement Agreement and the exhibits thereto, is in all respects fundamentally fair, reasonable, adequate and in the best interests of the Class Members, taking into consideration the benefits to Class Members; the strength and weaknesses of Plaintiffs' case; the complexity, expense and probable duration of further litigation; and the risk and delay inherent in possible appeals.   The Court finds that notice of the Settlement should be given to the approximately 125 persons in the Class and a full hearing should be held on approval of the Settlement.

III.  **CLASS MEMBERS:**   Pursuant to Fed. R. Civ. P. 23(b)(3), the Action is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following class members:

1.  The Class or Class Members consists of:

> All persons whom Defendant's records reflect owned real property in the State of California and who were sent a communication containing the language quoted in the Settlement Agreement in connection with Defendant's recordation of a Notice of Default (a) bearing the Defendant's letterhead which were in substantially the same form as the letter(s) sent to Plaintiffs, (b) sent to consumers seeking payment of a consumer debt, (c) a debt which was primarily for personal, family and household purposes, (d) sent during the "Class Period," (e) which were not returned undeliverable by the US Post Office, and (f) husbands and wives or trustees of a family trust acting jointly shall be considered a single Class Member."

**V.    CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT:**
For purposes of preliminary approval, the Court appoints Plaintiffs as the Class Representatives, and Joshua B. Swigart of Hyde & Swigart and Abbas Kazerounian and Mona Amini of the Kazerouni Law Group, APC as Class Counsel.

**VI.    NOTICE AND CLAIMS PROCESS:** The Court approves the form and method of notice set forth in the Settlement Agreement.  Within ten (10) days of this Preliminary Approval Order, SBS shall provide the list of Class Members ("Class List") who can be identified from its records to the Claims Administrator, ILYM Group, Inc. and Class Counsel.   The Claims Administrator, ILYM Group, Inc., shall mail a postcard-type notice ("Mail Notice") to each known Settlement Class Member at their last known address as provided by SBS. The addresses shall be updated with the National Change of Address database prior to mailing. The Mail Notices shall be mailed no later than thirty (30) days after issuance of this Preliminary Approval Order. Any Mail Notices that are returned as non-deliverable with a forwarding address shall promptly be re-mailed by the Claims Administrator to such forwarding address. The Mail Notice and the publication notice ("Publication Notice") shall reference a website established for this Settlement, and that website ("Settlement Website") shall contain the full details of the Settlement and permit the filing of claims on the website.   The Mail Notice and Publication Notice shall also contain the Claims Administrator's toll free telephone number so that the Class Members can inquire about the Settlement and also make a claim over the telephone.   At least ten (10) days prior to the Final Approval Hearing, the Claims Administrator shall file a declaration of compliance with the notice procedures set forth in the Settlement Agreement.  The Court finds that the form and method of notice set forth in the Settlement Agreement satisfies the

requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constitutes the best practicable procedure under the circumstances.

**VII.** **SETTLEMENT AND CLAIMS PROCESS:** The Court preliminarily approves the $9,375.00 settlement benefits ("Settlement Fund") as fair, reasonable and adequate for members of the Class. The Court preliminarily approves the process set forth in the Settlement Agreement for reviewing, approving and paying claims from the Settlement Fund on a pro rata basis, after deducting notice and claims administration costs, attorneys' fees, litigation costs, and any incentive award ("Settlement Costs").

**VIII.** **CLASS CERTIFICATION:** The Court preliminarily finds that the Action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, for purposes of settlement only.

**IX.** **EXCLUSIONS:** Any Class Member who desires to be excluded from the class must send a written request for exclusion to the Claims Administrator, with a postmark date on or before the Opt-Out and Objection Deadline, which shall be forty-five (45) days after the post-marked date of the Notice. The Claims Administrator's address shall be provided in the notice mailed to the Class Members. The Claims Administrator shall provide a list of those persons requesting exclusion to Class Counsel and to Defendant's counsel after the deadline for exclusions passes, but no later than ten (10) days after the Opt out and Objection deadline. A copy of that list will be filed with the Motion for Final Approval of the Class Action Settlement.

**X.** To be effective, a written request for exclusion must contain the name and number of this case, Class Member's full name and address and be signed by the Class Member. The request must also state generally that the person wishes to be excluded from the Settlement.

**XI.** Any Class Member who submits a valid and timely request for exclusion shall not be a member of the settlement Class, and shall not be bound by the Settlement Agreement or Settlement.

**XII.** <u>**OBJECTIONS:**</u>  Any Settlement Class Member who intends to object to the fairness of the Settlement must submit a written objection with the Court, at United States District Court, Central District of California, 411 West Fourth Street, Room 1053 Santa Ana, CA 92701, postmarked on or before the Objection Deadline, which is forty-five (45) days from the post-marked date of the Notice.  Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel and defense Counsel, whose addresses shall be set forth in the Notice advising the Class Members about objections.   Objections may also be made via email by contacting: josh@westcoastlitigation.com, ak@kazlg.com or mona@kazlg.com and stating any objections.

**XIII.** To be considered, written objection must be signed by the Class Member and state: the name and case number of this Action, Class Member's name, address, cellular telephone number/s and all arguments, citations and evidence supporting the objection, a statement of whether the objecting Class Member intends to appear at the hearing for final approval of the class action settlement, and whether the objecting Class Member intends to appear at the hearing with or without counsel.  Further, the Class Member must attach to the written objection any documents supporting the objection.

**XIV.** Any Class Member who does not file a valid and timely objection to the Settlement shall be barred from seeking review of the Settlement by appeal or otherwise.

//

//

**XV.   FINAL APPROVAL HEARING:**   The Court shall conduct a hearing (hereinafter the "Final Approval Hearing") on _____, 201_, at _____ , at 411 West Fourth Street, Room 1053 Santa Ana, CA 92701.  The Final Approval Hearing may be rescheduled or continued by the Court.   At the hearing, the Court will consider the following issues:

A.   Whether this Action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P 23;

B.   Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

C.   Whether the Final Judgment and Order of Dismissal With Prejudice, as provided under the Settlement Agreement, should be entered, dismissing the Action with prejudice and releasing the Released Claims against the Released Persons; and

D.   Such other issues as the Court deems appropriate.

**XVI.** Attendance at the Final Approval Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement.  However, Class Members wishing to be heard are required to indicate in their written objection whether they intend to appear at the Final Approval Hearing.

**XVII.** If the Settlement Agreement is not finally approved for any reason, then this order shall be vacated, the Settlement Agreement shall have no force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed and this order never entered.

//

**XVIII.** The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

      **IT IS SO ORDERED.**

Dated: _____   _____

                                 THE HON. CORMAC J. CARNEY
                                 U.S. DISTRICT COURT JUDGE

# EXHIBIT D

000035

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

BEHROUZ A. RANEKOUHI,
FERESHTE RANEKOUHI, and
GOLI A. RANEKOUHI, Individually
and On Behalf of All Others Similarly
Situated,

        Plaintiffs,

      vs.

S.B.S. TRUST DEED NETWORK,
d.b.a. S.B.S. LIEN SERVICES,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No:** 8:15-cv-01541-CJC-JCG

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

On_____, 2016, Plaintiffs Behrouz A. Ranekouhi, Fereshte Ranekouhi, and Goli A. Ranekouhi ("Plaintiffs") and Defendant S.B.S. Trust Deed Network d/b/a S.B.S. Lien Services ("SBS" or "Defendant") (jointly referred to herein as the "Parties") entered in to a Class Action Settlement Agreement (hereinafter referred to as the "Settlement Agreement" or "SA"), which is subject to review under Fed. R. Civ. P. 23.  Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (hereinafter referred to as the "Preliminary Approval Motion") in the above-captioned action (the "Lawsuit" or "Action").

On _____, 2016, Plaintiffs filed the Settlement Agreement, along with the Plaintiff's Preliminary Approval Motion. The Preliminary Approval Motion was unopposed by Defendant.

On _____, 2016, upon consideration of the Agreement, Preliminary Approval Motion, and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order").

On _____, 2016, Plaintiffs filed their Motion for Final Approval of Class Action Settlement (hereinafter referred to as the "Final Approval Motion").  Pursuant to their Final Approval Motion, Plaintiffs request final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action Settlement.

On _____, 2016, the Court held a Final Approval Hearing pursuant to Fed. R. Civ. P. 23 to determine whether the Action satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members and should be approved by the Court.

The Court has read and considered the Agreement, Final Approval Motion and the record.  All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

I.      **JURISDICTION:**   The Court has jurisdiction over the subject matter of the Action and over all settling parties hereto.

II.     **SETTLEMENT CLASS MEMBERS:**  Pursuant to Fed. R. Civ. P. 23(b)(3), the Action is hereby finally certified, for settlement purposes only, as a class action on behalf of the following class members:

1.  The Class or Settlement Class Members consists of:

> All persons whom Defendant's records reflect owned real property in the State of California and who were sent a communication containing the language quoted in the Settlement Agreement in connection with Defendant's recordation of a Notice of Default (a) bearing the Defendant's letterhead which were in substantially the same form as the letter(s) sent to Plaintiffs, (b) sent to consumers seeking payment of a consumer debt, (c) a debt which was primarily for personal, family and household purposes, (d) sent during the "Class Period," (e) which were not returned undeliverable by the US Post Office, and (f) husbands and wives or trustees of a family trust acting jointly shall be considered a single Class Member."

**V.    CLASS REPRESENTATIVES AND CLASS COUNSEL APPOINTMENT:** Pursuant to Fed. R. Civ. P. 23, Plaintiffs Behrouz A. Ranekouhi, Fereshte Ranekouhi, and Goli A. Ranekouhi are the Class Representatives; and Joshua B. Swigart of Hyde & Swigart, Abbas Kazerounian and Mona Amini of the Kazerouni Law Group, APC are certified as "Class Counsel."

**VI.   NOTICE AND CLAIMS PROCESS:** Pursuant to the Court's Preliminary Approval Order, the Claims Administrator, ILYM Group, Inc., has complied with the approved notice process as confirmed in its declaration filed with the Court.  The form and method for notifying the Class Members of the Settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice process was designed to advise the Class Members of their rights.  Further, the Court finds that Settlement Fund is approved, and the claim process set forth in the Settlement Agreement was

followed and that the process was the best practicable procedure under the circumstances.

VII. **FINAL CLASS CERTIFICATION:**  The Court finds that the Action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, for settlement purposes under Fed. R. Civ. P. 23(b)(3).  The Court finds that the Settlement of the Action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Class Members, especially in light of the benefits to the Class Members, the strength of the Plaintiffs' case, the complexity, expense and probable duration of further litigation, the risk and delay inherent in possible appeals, and the risk of collecting any judgment obtained on behalf of the class.

VIII. **SETTLEMENT TERMS:**  The Settlement Agreement, which has been filed with the Court and shall be deemed incorporated herein, and the proposed Settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court.  The material terms of the Settlement Agreement include, but are not limited to, the following:

1. The Claims Administrator, ILYM Group, Inc. shall pay each of the 125 Class Members that made a timely and valid claim, who did not exclude themselves from the Settlement, the sum of $75.00 from the Settlement Fund established by Defendant;

2. The Claims Administrator shall pay from the Settlement Fund the total sum of $2,075.00 to each of the named Plaintiffs, payable through Class Counsel, as an incentive award for bringing and participating in this Action;

3. The Claims Administrator shall be paid from the Settlement Fund the sum of $5,000.00 for its costs and fees incurred for the cost of notice and claims

administration and any amounts advanced by Defendant for those purposes shall be credited and refunded to them from the Settlement Fund; and

4. The Claims Administrator shall pay from the Settlement Fund to Class Counsel the sum of $40,000 as attorneys' fees and costs incurred in litigating this Lawsuit, in the manner specified in the Agreement.

**IX.   EXCLUSIONS AND OBJECTIONS:**   A total of ____ exclusions were received.   Those persons requesting exclusion are named on Exhibit A to this Order.   The Court hereby excludes these individuals from the Class and Settlement.

**X.**   The Class Members were given an opportunity to object to the settlement.   Only _____ Settlement Class Members filed objections.   After consideration of each of the objections, the Court hereby overrules such objections.

**XI.**   This Order is binding on all Class Members, except those individuals named on Exhibit A, who validly and timely excluded themselves from the Class.

**XII.   RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT:**   The Class Representatives (Plaintiffs named above), Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Persons, as set forth in the Agreement. Pursuant to the Release contained in the Agreement, the Released Claims are compromised, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

**XIII.** The Action is hereby dismissed with prejudice in all respects.

**XIV.** This order is not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

//

//

**XV.**   Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice, the Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Action and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

   **IT IS SO ORDERED.**

Dated:   _____            _____
                                            THE HON. CORMAC J. CARNEY
                                            U.S. DISTRICT COURT JUDGE